IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Mozell Shelby, ) | Case No.: 10-04212-BGC-13 |
| ) | |
| Debtor. ) | |
| | |
| Santander Consumer USA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | A. P. No.: 13-00078 |
| ) | |
| Mozell Shelby, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The matters before the Court are:

1. The <u>Motion for Preliminary Injunction</u> filed on July 3, 2013, by the Plaintiff; and

2. <u>Mozell Shelby's Motion to Compel Arbitration and Dismiss</u> filed on July 11, 2013.

After notice, a hearing was held on July 17, 2013. Appearing were Andrew Scott Herring and Wess Barnett, the attorneys for Mozell Shelby; Michael Hall, Ryan Thompson and Daniel Snyder, the attorneys for Santander Consumer USA; and Mary Frances Fallaw, the attorney for the Chapter 13 Trustee.

## I. Findings of Fact[1]

The debtor filed this bankruptcy case on July 10, 2010. Docket No. 1. On Schedule D - Creditors Holding Secured Claims, the debtor lists two account with the plaintiff Santander. Docket No. 17. One account is for a 2006 Chrysler 300 with a claim amount of $17,756.25. The unsecured portion is $4,631.25. The other account is for a 2006 Chevy Impala with a claim amount of $16,675.73. The unsecured portion is $6,625.73.

At the time, the debtor did not list a cause of action she claimed against Santander but which she later included by way of an amendment on July 10, 2013.

Santander filed two claims in this case. Claim No. 3 was filed on August 2, 2010, as a secured claim for $19,378.18. Claim No. 4 was filed on August 5, 2010, as a secured claim for $16,512.63.

On July 16, 2010, the debtor filed a Motion to Determine Value of the 2006 Chrysler 300. Docket No. 16. After notice, a hearing was held on October 12, 2010. Appearing were Jack Long, the attorney for the debtor; and Sims Crawford, the Chapter 13 Trustee. No one appeared for Santander. On October 18, 2010, the Court entered an order granting the motion and valuing the 2006 Chrysler 300 at $13,850.00 as the secured portion of claim 3, with the balance of claim 3 to be treated and paid as unsecured. Docket No. 44.

On October 22, 2010, the debtor filed a Motion to Determine Value of the 2006 Chevrolet Impala. Docket No. 49. After notice, a hearing was held on November 30, 2010. Appearing were the debtor; Mr. Long; and Mr. Crawford. No one appeared for Santander. On December 10, 2010, the Court entered an order granting the motion and valuing the 2006 Chevrolet Impala at $9,375.00 as the secured portion of claim 4, with the balance of claim 4 to be treated and paid as unsecured. Docket No. 62.

On December 21, 2010, the debtor's Chapter 13 Plan was confirmed. Docket No. 65. Pursuant to the Confirmation Order, Santander was to receive a $404 fixed monthly payment on Claim 3 and a $217 fixed monthly payment on Claim 4.

---

[1]The Honorable C. Michael Stilson, United States Bankruptcy Judge for the Northern District of Alabama, Western Division, entered findings of fact in Santander Consumer USA v. Hill (In re Hill), Case No. 11-72555-CMS-13, A.P. No. 13-70016 and Santander Consumer USA v. Moore (In re Moore), Case No. 11-41980-CMS-13, A.P. No. 13-40035 on July 24, 2013. Those findings of fact are similar to the facts in the instant case. This Court finds that any differences among the three cases are differences without distinction. The only exception may be in Hill and the instant case, the debtors filed Complaints against Santander in the United States District Court of the Northern District of Alabama.

2

On June 26, 2012, the debtor filed a lawsuit against Santander in the United States District Court for the Northern District of Alabama, Case No. 2:12-cv-02183-RDP, alleging that Santander breached its contract with the debtor and violated the provisions of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act of 1991 during Santander's administration of the Loans (the "causes of action").

On October 2, 2012, the lawsuit was dismissed because the parties agree to arbitrate these causes of action. The debtor filed an arbitration case where the causes of action are now pending.

On May 24, 2013, Santander filed a <u>Notice of Pending Litigation and Request for Order</u>. Docket No. 91. Santander filed a <u>Notice of Withdrawal</u> of the <u>Notice of Pending Litigation and Request for Order</u> on May 28, 2013. Docket No. 94.

On May 28, 2013, the debtor filed an Application to Employ Andrew Herring and Frank Davis, as special counsel, to, "recover damages arising from a cause of action filed by the debtor for violations of the TCPA and FDCPA and breach of contract by Santander Consumer USA, Inc." <u>Application for Approval of Employment of Professional Person</u>, May 28, 2013, Docket No. 93. An Order was entered by the Court on May 30, 2013, approving the employment. Docket No. 97.

On May 28, 2013, Santander filed <u>Santander Consumer USA's Motion to Prohibit Debtor from Amending Bankruptcy Schedules</u>. Docket No. 95. Santander requested the Court to prohibit the debtor from amending its bankruptcy schedules to disclose the pending arbitration between Santander and the debtor. A hearing was scheduled on the motion for June 25, 2013, and continued to July 16, 2013. On July 12, 2013, Santander filed a <u>Withdrawal of Santander Consumer USA's Motion to Prohibit Debtor from Amending Bankruptcy Schedules</u>. Docket No. 113.

On July 1, 2013, the Honorable H. C. Strickland, the parties' arbitrator, entered an <u>Order on Respondent's Motion to Dismiss</u>. Ex. D to <u>Mozell Shelby's Brief in Response to Santander Consumer USA, Inc.'s Motion for Preliminary Injunction</u>, Docket No. 11-4 (footnote omitted).[2] In effect, that Order denied Santander's request from the arbitrator for a finding, "that Debtor is barred from pursuing the Cause of Action by the doctrines of judicial estoppel and res judicata." <u>Santander Consumer USA v. Hill (In re Hill)</u>, Case No. 11-72555-CMS-13, A.P. No. 13-70016, <u>Order</u> at 3.

On July 3, 2013, Santander filed this adversary proceeding requesting the Court to find that: 1) the debtor is barred by the doctrine of judicial estoppel from pursuing his causes of action against Santander; and 2) the debtor is barred by the doctrine of res

---

[2]This is the order referred to by Judge Stilson in Footnote 2 of his July 24, 2013, <u>Hill</u> Order.

judicata from pursuing his causes of action against Santander. In addition, Santander requested the court to enter a permanent injunction prohibiting the debtor from prosecuting or pursuing any causes of action against Santander, for such other and further equitable relief as may be justified by the facts of this action; and for costs. A.P. Docket No. 1.

Also on July 3, 2013, Santander filed a Motion for Preliminary Injunction requesting the Court to temporarily enjoin the debtor from pursuing her causes of action because the actions are barred by judicial estoppel and res judicata. A.P. Docket No. 2. On July 12, 2013, Santander filed a Brief in Support of Motion for Preliminary Injunction and Evidentiary Submission in Support of Motion for Preliminary Injunction. A.P. Docket Nos. 8 and 9.

On July 10, 2013, the debtor filed an Amendment to Schedules to amend Schedules B and C. On Schedule B - Personal Property, the debtor amended, "35. Other personal property of any kind not already listed" to include "Mozell v. Santander for Breach of Contract/ Violation of Telephone Consumer Act, etc Anything over and above exempt amount will be paid to the Trustee." The debtor listed the value of her interest as $2,604.00. The debtor amended her Schedule C - Property Claimed to include "Other Personal Property of Any Kind Not Already Listed - Mozell v. Santander for Breach of Contract/Violation of Telephone Consumer Act, etc Anything over and above exempt amount will be paid to the Trustee." The debtor listed the value of the claimed exemption as $2,604.00. Docket No. 110.

On July 11, 2013, the debtor filed Mozell Shelby's Motion to Compel Arbitration and Dismiss. A.P. Docket No. 6.

On July 16, 2013, the debtor filed Mozell Shelby's Brief in Response to Santander Consumer USA, Inc.'s Motion for Preliminary Injunction. A.P. Docket No. 11.

On July 17, 2013, the Court held a hearing on Santander's Motion for Preliminary Injunction. Appearing were Andrew Scott Herring and Wess Barnett, the attorneys for Mozell Shelby; Michael Hall, Ryan Thompson and Daniel Snyder, the attorneys for Santander Consumer USA; and Mary Frances Fallaw, the attorney for the Chapter 13 Trustee.

## II. Conclusions of Law

The Honorable C. Michael Stilson, United States Bankruptcy Judge for the Northern District of Alabama, Western Division, entered orders in Santander Consumer USA v. Hill (In re Hill), Case No. 11-72555-CMS-13, A.P. No. 13-70016 and Santander Consumer USA v. Moore (In re Moore), Case No. 11-41980-CMS-13, A.P. No.

13-40035 on July 24, 2013. Again, this Court finds that any differences between this case and those cases are differences without distinction.[3]

This Court adopts Judge Stilson's conclusions of law from Hill and Moore, and based on those conclusions, reaches the same decisions Judge Stilson reached in those cases. Consequently, this Court denies the motion for Preliminary Injunction filed by Santander.

Also, based on the same facts and conclusions of law, the Court grants the debtor's motion to compel arbitration.

A separate Order will be entered contemporaneously with this Memorandum Opinion.

Dated: August 1, 2013          /s/Benjamin Cohen
                                BENJAMIN COHEN
                                United States Bankruptcy Judge

BC:pb

---

[3] At the hearing before the undersigned, Santander argued that when it consented to arbitration it was not consenting to the matter being resolved by a bankruptcy court, but was consenting to the matter being transferred from one non-bankruptcy entity to another non-bankruptcy entity. Santander represented that it did not make this same argument in Hill.

5